616 So.2d 173 (1993)
STATE of Florida, Appellant,
v.
Dwayne JENKINS, Appellee.
No. 92-00487.
District Court of Appeal of Florida, Second District.
March 31, 1993.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Davis G. Anderson, Jr., Asst. Atty. Gen., Tampa, for appellant.
James Marion Moorman, Public Defender, and Cynthia J. Dodge, Asst. Public Defender, Bartow, for appellee.
PATTERSON, Judge.
The state appeals the trial court's suppression of evidence on the basis that Jenkins was illegally detained. We reverse.
St. Petersburg Police Officer Paula Melanson testified that she was driving a marked cruiser on routine patrol when she observed Jenkins riding a bicycle with another bicycle in tow. Melanson pulled alongside Jenkins and asked him if he would mind stopping and talking to her. Jenkins responded that he would not mind. In response to Melanson's inquiry, Jenkins explained that the second bicycle belonged to his friend, Joseph. Melanson then asked if she could look at the city license numbers on the bicycles. Jenkins did not object. A radio check of the license number of the second bicycle confirmed that it was stolen. Melanson arrested Jenkins. Sergeant David Barr, who accompanied Melanson in the cruiser, corroborated Melanson's testimony. He stated that Jenkins never indicated that he wanted to leave or that he did not wish to talk to them. He observed that the encounter was not confrontational and that Jenkins was cooperative.
Jenkins testified that he was riding on the sidewalk when the officers pulled into a driveway blocking his way. His attorney asked him if the police officers said anything in regard to his "staying put," and Jenkins responded, "Not really. He didn't say you got to stay here, but I felt you ain't supposed to leave from a police officer." He added that he wanted to leave but did not feel free to do so. On cross-examination, Jenkins conceded that he did not tell the officers he wanted to leave. In fact, nothing in his testimony directly contradicts the officers' testimony, other than Jenkins' statement that the officers *174 blocked his path. The trial court concluded on those facts, that because the cruiser pulled into the Jenkins' path, an unlawful detention occurred.
The court's conclusion is not supported by the evidence. To the contrary, these facts demonstrate a permissible police-citizen encounter which does not require a suspicion of criminal activity. See Florida v. Bostick, ___ U.S. ___, 111 S.Ct. 2382, 115 L.Ed.2d 389 (1991); State v. Davis, 543 So.2d 375 (Fla. 3d DCA 1989). The issue of whether the encounter escalated to a seizure of Jenkins within the meaning of the Fourth Amendment is governed by the rule set forth in California v. Hodari D., ___ U.S. ___, 111 S.Ct. 1547, 113 L.Ed.2d 690 (1991). In Hodari D., the United States Supreme Court stated:
To constitute an arrest, however  the quintessential "seizure of the person" under our Fourth Amendment jurisprudence  the mere grasping or application of physical force with lawful authority, whether or not it succeeded in subduing the arrestee, was sufficient... .
... The narrow question before us is whether, with respect to a show of authority as with respect to application of physical force, a seizure occurs even though the subject does not yield. We hold that it does not.
... An arrest requires either physical force .. . or, where that is absent, submission to the assertion of authority.[1]
___ U.S. at ___-___, 111 S.Ct. at 1550-51. The Hodari D. court explained that the test for the existence of a "show of authority" is an objective one as defined in United States v. Mendenhall, 446 U.S. 544, 100 S.Ct. 1870, 64 L.Ed.2d 497 (1980). Under Mendenhall, the citizen's subjective perception that his liberty has been restricted is not determinative. Rather, it is whether the officer's words and actions would have conveyed to a reasonable person that he or she was not free to leave.
The record before us is devoid of any testimony that the officers' actions were coercive, oppressive or dominating; i.e., there was no "show of authority" to which Jenkins could "submit," which would trigger a seizure of his person. The fact that the officers were in uniform, armed, and in a marked police cruiser in and of itself does not amount to a "show of authority." See Thames v. State, 592 So.2d 733 (Fla. 1st DCA), review denied, 599 So.2d 1280 (Fla. 1992). When the officers determined that the bicycle was stolen in the burglary of a residence, probable cause existed to arrest Jenkins. See Davis. Under the Hodari D./Mendenhall test, Jenkins' subjective feeling that he was not free to leave is irrelevant.
Reversed and remanded.
FRANK, A.C.J., and ALTENBERND, J., concur.
NOTES
[1] In his dissent, Justice Stevens opines that this rule represents a new and narrow construction of the word "seizure" which departs from prior case law construing the Fourth Amendment. ___ U.S. at ___, 111 S.Ct. at 1552 (Stevens, J., dissenting).